UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60280-CIV-COHN/SELTZER

JOYCE D. HIGGS,

     Plaintiff,

vs.


COSTA CROCIERE S.p.A. COMPANY,

     Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

THIS CAUSE is before the Court on Plaintiff's Motion to Compel (DE 16), Defendant's Response Memorandum in Opposition (DE 23), and Plaintiff's Reply to Defendant's Response (DE 27).  The matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the United States District Court for the Southern District of Florida.

Plaintiff Joyce D. Higgs brings this diversity action against Defendant Costa Crociere, S.p.A Company, the owner of a cruise ship on which Plaintiff was a paying passenger.  Plaintiff alleges that "while carrying her plate from the Andromeda breakfast buffet to her table, she tripped over a cleaning bucket left in the aisle by the vessel's crew and fell to the floor."  Complaint ¶ 5 (DE 1).  According to Plaintiff, when she fell she "sustained serious and disabling injuries including the fracture of her arm/shoulder. . . ." Id.  Plaintiff further alleges that her injuries were caused by Defendant's negligence in "carelessly leaving a cleaning bucket so as to create a tripping hazard in an area where passengers would ordinarily be walking, as well as failing to properly post warning and

protective devices around such a tripping hazard." Id.

During the course of discovery, Plaintiff served on Defendant a First Request for Production; Defendant responded thereto (DE 16-1), objecting to the majority of the individual requests.   Plaintiff now moves the Court to compel Defendant to produce documents responsive to nine of the requests.  In opposition to Plaintiff's motion to compel, Defendant argues that the Court should deny Plaintiff's motion to compel because it is untimely.

This District's Local Rule 26.1(i)(1) provides (in pertinent part) that "[a]ll motions related to discovery . . . shall be filed within thirty (30) days of the occurrence of grounds for the motion.  Failure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought."  S.D. Fla. L. R. 26.1(i)(1).  "This Rule was designed to prompt early resolution of discovery disputes and 'to ensure that discovery motions are filed when ripe and not held until shortly before the close [of] discovery or the eve of trial.'"  Poe v. Carnival Corp., No. 06-20139-Civ-JORDAN-TORRES, 2007 U.S. Dist. LEXIS 4627, at *5 (S.D. Fla. Jan 23, 2007) (Torres, M.J.) (quoting 1998 Comments, S.D. Fla. L.R. 26.1); see also Muzaffar v. Ross Dress for Less, Inc., No. 12-61996-CIV-SCOLA, 2013 WL 5311233, at *1 (S.D. Fla. Sept. 23, 2013) (Snow, M.J.) ("Local Rule 26.1[i](1) reflects a policy of promoting the prompt resolution of discovery disputes by requiring the parties to timely bring to the court's attention matters that the parties cannot resolve among themselves.") (omitting internal quotation marks and citation); Manno v. Healthcare Revenue Recovery Group, LLC, No. 11-61357-CIV, 2012 WL 1409532, at *3 (S.D. Fla. Apr. 23, 2012) (Rosenbaum, M.J.) (Local Rule 26.1[i](1) "sets forth a specific period within which discovery motions must be

filed.  Defining that period as 'thirty days' rather than . . . the less precise 'a reasonable time' reflects the judgment of the District that the filing period should not extend beyond thirty days.  Thus, the Rule has the benefit of making clear precisely when discovery motions must be filed.").

"Although the 'occurrence of grounds for the motion' is usually the filing of responses and objections to a discovery request, the fact that [Local Rule 26.1(i)(1)] employs general language indicates that this is not always the case." <u>Socas v. Northwestern Mut. Life Ins. Co.</u>, No. 07-20336-Civ, 2008 WL 619322, at *1 (S.D. Fla. Mar. 4, 2008) (Simonton, M.J.) (finding that the date movant examined opposing party's discovery responses, which occurred nine days after receiving them, and determined responses were incomplete was the "occurrence of grounds for the motion").  "What constitutes 'the occurence of grounds' for a motion to compel depends on the facts of each dispute." <u>Barnes v. Frameless Shower Doors & Enclosures, Inc.</u>, No. 14-CV-62443, 2015 WL 3541529, at *2 (S.D. Fla. June 4, 2015) (Valle, M.J.).  As one court in this District has explained:

> Depending on the particular discovery dispute, the "occurrence of grounds" for a motion to compel could be any of several acts besides service of discovery responses – e.g., a letter from counsel, an e-mail message, a phone call, or discussions during a deposition.  Regardless of the specific triggering event, the key point is that once a party seeking discovery learns that the opposing party objects to providing the requested discovery the first party must seek relief from the court within thirty days or else be deemed to have waived such relief.

<u>Manno</u>, 2012 WL 1409532, at *2.

Here, Defendant served its response and objections to Plaintiff's discovery requests

by email on July 9, 2015; thirty days from that date would have been August 8, 2015. The parties, however, conferred with respect to Defendant's objections to the discovery requests on July 14, 2015, but were unable to resolve their differences with respect to the discovery at issue. See Plaintiff's certificate of compliance with Local Rule 7.1 (DE 16); July 14, 2015 email exchange between the parties' counsel (DE 23-1). According to Defendant, the parties' July 14, 2015 conference constitutes the "occurrence" of grounds for Plaintiff's motion to compel. Defendant argues that because Plaintiff failed to file her motion until September 4, 2015 – 52 days later – she has waived the relief she now seeks.

In reply, Plaintiff appears to argue either that her filing of the motion to compel was timely or that her late filing was excused by a series of emails between counsel after they conferred on July 14, 2015. The record reflects that on July 15, 2015, Plaintiff's counsel requested that Defendant's counsel reconsider Defendant's position as to the production of photographs, and he advised that a motion to compel would be filed unless the parties could come to an agreement as to the photographs and the other items counsel had discussed. See July 15, 2015 email (DE 23-2). And on July 16, 2015, Plaintiff's counsel again emailed Defendant's counsel to "clarify the items we will file a motion to compel on if not produced." In that same email, Plaintiff's counsel identified the specific discovery requests at issue, limiting some of the original requests. Plaintiff's counsel also requested that Defendant's counsel advise him if Defendant agreed to produce any of the documents. See July 16, 2015 email (DE 27-1). The next day (July 17, 2015) Defendant's counsel responded, advising that she would discuss the discovery requests with her client and would "revert" by July 22. On July 23, 2015, the parties' counsel again exchanged emails. Plaintiff's counsel inquired about the items to which Defendant was going to "revert,"

particularly the photographs.  Defendant's counsel responded that the photographs were "undiscoverable work product" and that with respect to Plaintiff counsel's "other comments" she would compare them to the original requests and "address in a separate email."  See July 23, 2015 email exchanges (DE 27-1).

According to Plaintiff, her counsel never received the "separate" email.  On August 27, 2015, Plaintiff's counsel emailed Defendant's counsel, stating in pertinent part: "I've asked several times for a conference on discovery disputes so I will be filing a motion to compel concerning photographs and other items with certification that we tried in good faith to arrange conference but were unable to do so."  Id.  On September 1, 2015, Defendant's counsel responded that "I recall that we already had a discovery conference on July 14 to discuss discovery issues, per your request. . . ."  Id.  See August 27, 2015, and September 1, 2015  emails (DE 27-1).  Three days later, on September 4, 2015, Plaintiff filed the instant motion to compel.

Plaintiff argues that "[t]he failure of Defendant's counsel to confer with her client and then respond to the limited discovery requests as twice promised in her emails constitutes good cause for filing the Motion to Compel on September 4, 2015."  Reply at 2 (DE 27). The Court disagrees.  The parties' counsel were unable to reach an agreement as to the discovery requests at issue when they conferred on July 14, 2015.  Plaintiff, therefore, was required to file her motion to compel 30 days thereafter – August 13, 2015.  The Court does not deem Defendant's counsel's representation that she would address Plaintiff's discovery requests (as limited) in a separate email as a new "occurrence" of grounds for the motion, which would re-start the 30 day filing period.  After Defendant's counsel's July 22, 2015 representation, Plaintiff still had 22 days to file her motion to compel.  Plaintiff's

counsel, however, failed to file her motion by the August 13 filing deadline.  Moreover, during these 22 days, Plaintiff's counsel never even attempted to contact Defendant's counsel to inquire further about the promised email.   Rather, after July 22, Plaintiff's counsel waited 36 days (until August 27, 2015), at which time he informed (by email) Defendant's counsel that having asked several times for a discovery conference, he would now be filing a motion to compel.  When Defendant's counsel responded on September 1, 2015, that they had already conferred (on July 14, 2015), Plaintiff (untimely) filed the instant motion to compel on September 4, 2015 – 22 days after the August 13, 2015 filing deadline.  By her late filing, Plaintiff has waived the requested relief.  Accordingly, Plaintiff's Motion to Compel (DE 16) is DENIED as untimely.

DONE AND ORDERED in Fort Lauderdale, Florida, this 9th day of October 2015.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record